UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL B. MERCHANT,

        Plaintiff,

v.

        Case No. 21-cv-1422-pp

KILOLO KIJAKAZI,

        Defendant.

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 5)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3. The court ordered the plaintiff to file an amended motion for leave to proceed without prepaying the filing fee, dkt. no. 4, and the plaintiff has filed that motion, dkt. no. 5.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's request indicates that he is not employed, he is not married, and he has no dependents he is responsible for supporting. Dkt. No. 5 at 1. The plaintiff indicates that he

1

receives $200 per month in food stamps, id. at 2, he lists no other income and no expenses at all, id. at 2-3. The plaintiff does not own his home, a car, or any other property of value; he has no cash on hand or in a checking or savings account. Id. at 3-4. The other circumstances section of the request states, "The plaintiff[] lives with his grandmother. She pays all the bills and provides for [the plaintiff's] needs." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was denied Supplemental Security Income and Social Security Disability Insurance benefits initially, on reconsideration, and following a hearing in front of an ALJ. Dkt. No. 1 at 1. The plaintiff requested a review of the ALJ's decision, which was denied by the Appeals Council, leaving the ALJ's decision as the final decision of the Commissioner. Id. The plaintiff states that the finding that he is not disabled is "not in accordance with the purpose and intent of the Social Security Act, nor

2

is it in accordance with the evidence, but contrary thereto, in that the ALJ's decision is not supported by substantial evidence and is contrary to law." Id. at 2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's amended motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

Dated in Milwaukee, Wisconsin this 27th day of December, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**