UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DANIEL B. MERCHANT,**
    **Plaintiff,**

  v.            Case No. 21-CV-1422

**KILOLO KIJAKAZI,**
**Acting Commissioner of the Social Security Administration,**
    **Defendant.**

---

### DECISION AND ORDER

---

**1. Introduction**

Alleging he has been disabled since December 31, 2016 (Tr. 18), plaintiff Daniel B. Merchant seeks supplemental security income and disability insurance benefits. His date last insured was December 31, 2016. After his application was denied initially (Tr. 69-96) and upon reconsideration (Tr. 97-123), a hearing was held before Administrative Law Judge (ALJ) Dean Syrjanen on November 5, 2020 (Tr. 36-63). On November 25, 2020, the ALJ issued a written decision concluding that Merchant was not disabled. (Tr. 15-30.) After the Appeals Council denied Merchant's request for review on May 3, 2021 (Tr. 1-3), he filed this action. All parties have consented to the full jurisdiction of a magistrate judge (ECF Nos. 7, 9), and the matter is ready for resolution.

## 2. ALJ's Decision

In determining whether a person is disabled, an ALJ applies a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one the ALJ determines whether the claimant has engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). The ALJ found that Merchant "has not engaged in substantial gainful activity since December 31, 2016, the alleged onset date[.]" (Tr. 20.)

The analysis then proceeds to the second step, which is a consideration of whether the claimant has a medically determinable impairment or combination of impairments that is "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). An impairment is severe if it significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522(a), 416.922(a). The ALJ concluded that Merchant has the following severe impairments: "anxiety disorder and depressive disorder." (Tr. 20.)

At step three the ALJ is to determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (called "the listings"), 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1525, 416.920(a)(4)(iii), 416.925. If the impairment or impairments meets or medically equals the criteria of a listing and also meets the twelve-month durational requirement, 20 C.F.R. §§ 404.1509, 416.909, the claimant is disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairment or impairments is not of a severity to meet or medically equal the criteria set forth in a listing, the analysis proceeds

to the next step. 20 C.F.R. §§ 404.1520(e), 416.920(e). The ALJ found that Merchant "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" (Tr. 21.)

In between steps three and four the ALJ must determine the claimant's residual functional capacity (RFC), which is the most the claimant can do despite her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In making the RFC finding the ALJ must consider all of the claimant's impairments, including impairments that are not severe. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). In other words, "[t]he RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p. The ALJ concluded that Merchant has the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to simple, routine, and repetitive tasks. He is limited to understanding, carrying out, and remembering no more than simple instructions. The claimant is limited to low stress work, defined as jobs with no inflexible or fast paced production requirements with occasional changes in the work setting and simple decision making. He is limited to jobs where tasks can be performed independently. He can have occasional interaction with supervisors, coworkers, and the public.

(Tr. 22.)

After determining the claimant's RFC, the ALJ at step four must determine whether the claimant has the RFC to perform the requirements of her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560, 416.920(a)(4)(iv), 416.960. The ALJ concluded that Merchant is unable to perform any of his past relevant work. (Tr. 28.)

3

The last step of the sequential evaluation process requires the ALJ to determine whether the claimant is able to do any other work, considering her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c), 416.920(a)(4)(v), 416.960(c). At this step the ALJ concluded that Merchant "would be able to perform the requirements of representative occupations such as industrial cleaner (DOT 381.687-018) of which there are 1,100,000 such positions nationally; kitchen helper (DOT 318.687-010) of which there are 275,000 such positions nationally; and cleaner of vehicles (DOT 919.687-014) of which there are 180,000 such positions nationally." (Tr. 29.) Therefore, he "has not been under a disability, as defined in the Social Security Act, from December 31, 2016, through the date of this decision." (Tr. 29.)

### 3. Standard of Review

The court's role in reviewing an ALJ's decision is limited. It must "uphold an ALJ's final decision if the correct legal standards were applied and supported with substantial evidence." *L.D.R. by Wagner v. Berryhill*, 920 F.3d 1146, 1152 (7th Cir. 2019) (citing 42 U.S.C. § 405(g)); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017) (quoting *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010)). "The court is not to 'reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner.'" *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (quoting *Lopez ex*

*rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). "Where substantial evidence supports the ALJ's disability determination, [the court] must affirm the [ALJ's] decision even if 'reasonable minds could differ concerning whether [the claimant] is disabled.'" *L.D.R. by Wagner*, 920 F.3d at 1152 (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

**4. Analysis**

A conclusion running through the ALJ's decision is that Merchant's condition was "stable." He noted that Merchant's "anxiety was stable on Paxil." (Tr. 23.) He "had stable findings" at a psychiatric appointment. (Tr. 23.) "Through the spring [of 2018], [Merchant] had stable exam findings aside from one exam where he demonstrated disorganized thoughts, low energy, slow speech, and difficulty understanding tasks." (Tr. 23-24.) He "appeared relatively stable in April" 2019. (Tr. 24.) "During an August check-up, [Merchant] said he had substantial stress related to his disability application but he was stable on his medication." (Tr. 24.) In December 2019 "he noted that he remained stable …." (Tr. 25.)

The ALJ found unpersuasive the statements of Kristen Sobieray-Brumner, M.S., and Dr. Jonathan Grapengieser, Psy.D., in part, because "with medication, the claimant's mental conditions appeared largely stable." (Tr. 25.) Similarly, he found unpersuasive the opinion of Mary Enright, Ph.D., in part, because Merchant "described various stressors but his condition was generally stable." (Tr. 26.) And, again, he cited the fact that

Merchant's "condition was generally stable" as a reason for finding unpersuasive the opinion of Jaclyn Volz, Merchant's care coordinator. (Tr. 27.) Finally, the ALJ noted that "the treatment notes indicated that the claimant was generally stable with consistent use of medication" as a reason for concluding that Merchant's symptoms were not as severe as he reported. (Tr. 28.)

Merchant disputes that his symptoms were stable. He states that there were numerous notes indicating that his symptoms, particularly depression and anxiety, fluctuated. (ECF No. 15 at 13.) More importantly, to say that a person's symptoms are "stable" says nothing about his ability to work. *See Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014) ("Murphy could have been in terrible condition immediately after her stroke and still be characterized as 'stable' by her doctor if her condition had not changed over a period of time. … Simply because one is characterized as 'stable' or 'improving' does not necessarily mean that she is capable of doing light work."). "Indeed, a condition can be stable and disabling at the same time." *Hensley v. Colvin*, No. 1:14-cv-125-WTL-MJD, 2015 U.S. Dist. LEXIS 30828, at *12 (S.D. Ind. Mar. 13, 2015) (addressing the ALJ's conclusion that, because the plaintiff visited her orthopedic doctor every three months "this indicated that her symptoms had stabilized and were not as limiting as she alleged" and stating, "The Court simply does not see the logic in the ALJ's reasoning.").

That is not to say that stability of symptoms is never relevant in the disability assessment. Under SSR 16-3p, adjudicators must consider whether the claimant's

symptoms having plateaued may be a reason for him not seeking further or more frequent treatment. Evidence of stability of symptoms may undermine allegations that a claimant's variable functioning—*e.g.*, good days and bad days—prevents him from maintaining sustained employment. And identifying that a claimant's symptoms have been stable over time is obviously relevant if that period included a time when the claimant was engaged in substantial gainful activity.

But the ALJ here said, in effect, that the opinions of those who described Merchant's impairments as debilitating and Merchant's own report of his symptoms were not to be credited because his symptoms were stable. The ALJ did not explain how the stability of his impairments was inconsistent with the nature and severity of symptoms reported by Merchant and others. Nor are the other reasons he offered for discounting those reports sufficient to sustain his conclusions. Accordingly, remand is required.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is **vacated**, and pursuant to 42 U.S.C. § 405(g), sentence four, this matter is **remanded** for further rulings consistent with this decision. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 27th day of September, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge